# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON FIELDS, | Case No. 1:12-cv-01973-SKO (PC) |
| Plaintiff, | THIRD SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| MARGARET MIMS, et al., | |
| Defendants. | (Doc. 13) |

## Third Screening Order

### I. Procedural History

Plaintiff Carlton Fields, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 4, 2012. On April 10, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on May 13, 2013, and on December 30, 2013, the Court dismissed Defendant Mims, with prejudice, and granted Plaintiff one final opportunity to amend. Plaintiff filed a second amended complaint on January 27, 2014.

### II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that

seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.     Discussion**

   **A.     Allegations**

Plaintiff, who is currently incarcerated at Mule Creek State Prison in Ione, California, brings this action against Captain Rick Hill, Fresno County Jail Public Health Director Edward Moreno, M.D., and Does 1 through 8 for violating his constitutional right to medical care in 2011 while he was at the Fresno County Jail. Plaintiff alleges that he was suffering from a tooth infection and he spent two weeks in agony before he was seen by a dentist. (Doc. 13, 2nd Amend. Comp., ¶¶11.) During that time, he filled out several "green slips," begged several officers for

help with receiving care, asked other inmates if they had pain medication to spare, and showed a nurse in his pod his infected tooth. (*Id.*) Plaintiff's attempts were unsuccessful and in desperation, he told a correctional officer he was having chest pain with the hope of getting to the medical clinic. (*Id.*) Plaintiff was seen by a nurse but not provided with any care. (*Id.*)

Plaintiff, in another act of desperation, told a correctional officer he was in so much pain he was going to hurt someone if he did not get dental care. (*Id.*) Plaintiff was then placed in a safety cell. (*Id.*, ¶12.) After several hours, Plaintiff was finally taken to the dental clinic and diagnosed with an acute infection. (*Id.*) Twelve more days passed before Plaintiff's tooth was pulled, approximately four weeks after he began seeking dental care. (*Id.*)

### B.     Dental Care Claim

#### 1.     Legal Standard

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017-18 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. *Simmons*, 609 F.3d at 1017-18; *Clouthier*, 591 F.3d at 1242; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Inmates are entitled to medical care, and the Constitution is violated when jail officials act with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, __ F.3d __, __, No. 09-55907, 2014 WL 878830, at *3 (9th Cir. Mar. 6, 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful

3

act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

## 2. Findings

### a. Defendants Hill and Moreno

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Snow*, 681 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

In this case, the allegation that Plaintiff had an infected tooth which caused him agonizing pain for weeks is sufficient to demonstrate the existence of an objectively serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). However, Plaintiff's allegations do not demonstrate that either Defendant Hill or Defendant Moreno was personally involved in failing to respond to Plaintiff's requests for dental care, and they may not be held liable under section 1983 for the conduct of their subordinates simply because they held supervisory positions at the jail. *Id.* (2nd Amend. Comp., ¶¶ 4, 5.) Although Plaintiff alleges that the violation of his rights occurred vis a vis an unconstitutional policy and/or practice, Plaintiff's allegations are conclusory and his

4

second amended complaint is devoid of any specific facts linking Defendants Hill and Moreno to the implementation of any policy or practice that led to the violation of his rights. *Id.* (2nd Amend. Comp., ¶¶4, 5.) Therefore, Defendants Hill and Moreno are entitled to dismissal.

### b.     Does 1 Through 8

Next, Plaintiff alleges that during the two-week period he was seeking dental care, he approached Jane Doe 4, a registered nurse, and showed her his tooth; and he told John Doe 5, a custodial officer, that he was experiencing chest pain in an attempt to be seen by the medical department. (2nd Amend. Comp., ¶11.) Plaintiff was seen by Jane Doe 4 following his complaint of chest pain but was not provided with dental care. (*Id.*) Plaintiff subsequently told John Doe 5 that he would hurt someone if he was not provided with dental care. (*Id.*, ¶12.) Plaintiff was placed in a safety cell and then taken to the dental clinic several hours later, where he was diagnosed with an acute infection. (*Id.*)

As previously set forth, ordinary lack of due care does not suffice to support a claim for denial of adequate medical care in violation of the Constitution, *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122, and the mere possibility of misconduct does not suffice to state a claim, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  While Plaintiff's dental care needs constituted an objectively serious medical need, his allegations do not support a claim against John Doe 5 for acting with deliberate indifference to those needs. John Doe 5 summoned a nurse in response to Plaintiff's complaint of chest pain, and Plaintiff was placed in a safety cell and then taken to the dental clinic when he said he was in so much pain he was going to hurt someone, actions which do not evidence deliberate indifference on the part of John Doe 5.

With respect to Jane Doe 4, Plaintiff allegedly showed her his tooth on one occasion and she saw him again when he complained of chest pain.  These allegations fall short of demonstrating that she acted with deliberate indifference toward his health, however. The Court is mindful of the liberality of notice pleading in pro se cases, *Wilhelm*, 680 F.3d at 1123, but the mere possibility that Jane Doe 4 acted with more than ordinary lack of due care does not suffice to state a claim under section 1983, *see Wilhelm*, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.")

Finally, the other Doe defendants are likewise not linked to specific actions or omissions that demonstrate deliberate indifference to Plaintiff's dental care needs.

## IV.     Conclusion and Order

Plaintiff's second amended complaint fails to set forth any facts linking the defendants named in the complaint to the violation of his rights.  *Lacey*, 693 F.3d at 915-16.  Plaintiff was twice provided with the applicable legal standard and the opportunity to amend to state a claim; further leave to amend is not warranted.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130-31; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim under section 1983 and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:     **April 2, 2014**                              **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE