# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON FIELDS, | Case No. 1:12-cv-01973-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OF DISMISSAL, WITH PREJUDICE |
| v. | |
| MARGARET MIMS, et al., | (Doc. 16) |
| Defendants. | |

## I. Procedural History

Plaintiff Carlton Fields, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 4, 2012. Plaintiff's federal constitutional claim arose out of the failure to provide him with adequate dental treatment while he was at the Fresno County Jail in Fresno, California.

On April 10, 2013, the Court screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state a claim. 28 U.S.C. § 1915A. Plaintiff filed an amended complaint on May 13, 2013, and on December 30, 2013, the Court dismissed Defendant Mims, with prejudice, and granted Plaintiff one final opportunity to amend. *Id.* Plaintiff filed a second amended complaint on January 27, 2014, and on April 2, 2014, the Court dismissed this action, with prejudice, for failure to state a claim under section 1983. *Id.*

On April 18, 2014, Plaintiff filed a motion seeking reconsideration and requesting a third opportunity to amend.

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.[1] *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. *Id.* (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

## III.     Discussion and Order

Plaintiff's motion is based on his mere disagreement with the Court's determination that he failed to state any cognizable claims under section 1983. In recognition of Plaintiff's pro se status, the Court provided detailed notice of the applicable legal standards and the deficiencies, and it afforded Plaintiff two opportunities to amend to state a claim. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Plaintiff's motion for reconsideration presents no basis for reconsideration other than his disagreement with the Court's ruling and his desire to have a third

---

[1] Plaintiff did not cite to authority for his motion for reconsideration. The Court treats the motion as brought pursuant to Fed. R. Civ. P. 12(b)(6) given the absence of any other basis for the motion.

opportunity to amend. Those grounds do not suffice to support reconsideration, and Plaintiff's motion is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated: **June 21, 2014**                             **/s/ Sheila K. Oberto**
                                                                                 UNITED STATES MAGISTRATE JUDGE